IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, ) ) ) ) *Plaintiff,* ) ) *v.* ) ) DONALD A. NEWELL and ) QUIDDITY, LLC, ) ) *Defendants*. ) ) | Civil Action No. 1:12-cv-6763 District Judge Andrea R. Wood Magistrate Judge Geraldine S. Brown |

## **PLAINTIFF'S MOTION TO STRIKE DOCKET NO. 118**

Plaintiff the U.S. Commodity Futures Trading Commission ("CFTC") hereby moves the court to strike defendants' motion to strike portions of the declaration of Brandon Tasco, *see* Dkts 118 & 120, and require instead that defendants include the Rule 56(e) arguments found therein in their forthcoming opposition to plaintiff's motion for partial summary judgment. The reasons for granting this motion are as follows.

1.  On April 29, 2014, a status hearing was held before Judge Wood where defendants indicated their intention of filing a motion to strike portions of the Tasco Declaration. GEX 1, Tr. of Hr'g (Apr. 29, 2014), ("Tr.") at 8:22-25. When plaintiff objected that such a motion appeared to be an improper collateral attack on the CFTC's motion for summary judgment that instead should be filed as part of an opposition to the CFTC's summary judgment motion, both of defendants' attorneys made the following representations to this court:

    > MR. IAVARONE: It is a complicated issue, Judge. I think it would be better stated in the motion. *Basically it's the fact that there are matters never produced during discovery*, unverified, and erroneous that are in here, and it shouldn't be part of this motion. *It was never part of the discovery in this case.*

-1-

> MR. BLOCK: *It was procured after discovery closed, apparently, without any disclosure to us, and now they're using it in their motion for summary judgment.  **So that's the essence of it, Judge***.

Tr. 10:3-12 (emphasis added).

2. In view of defense counsel's representations, Judge Wood instructed as follows:

> In general, *my view with motions to strike in the context of summary judgment is that more often than not parties do use it as a way of just trying to raise issues with respect to the statement of material facts that aren't really a separate issue*, it's more saying they're being argumentative in their statement, and *I don't like that, and it's inappropriate*.
>
> *This sounds like it's a separate issue that perhaps they're raising more of a discovery violation type issue that there's something that wasn't properly disclosed, so this may be one of those exceptions where it does make sense to have it as a separate motion*. So if they would like to file it **as such** I will entertain it in that manner.

Tr. 11:23-12:10 (emphasis added).

3. On May 5, 2014, defendants filed their brief in support of their motion to strike. Contrary to their representations to the court, defendants' motion to strike does not allege a single discovery violation, does not cite Rules 26 or 37 (which governs discovery and violations thereof) or any other discovery rule, and does not assert that the CFTC failed to properly disclose anything to defendants.

4. Instead, defendants' sole procedural basis and legal authority for striking the Tasco Declaration is *Rule 56(e)*—which governs oppositions to motions for summary judgment. See Dkt 118, Defs.' Mot. To Strike, ¶ 2; Dkt 120, Mem. in Support of Defs.' Mot. To Strike ("Def. Mem."), Conclusion, p. 11 ("The AT&T telephone records and the Directory attached to the Tasco Declaration both fail to comport to the requirements of Rule 56(e)."). Defendants' motion to strike is entirely based upon the CFTC's purported failure to "properly support an assertion of fact," Fed. R. Civ. P. 56(e), *i.e.*, the assertion that Newell never made phone calls to employees at MF Global, based upon a phone directory of MF Global's Chicago office.

5. Accordingly, in their motion to strike, defendants first argue that the available testimonial evidence does not properly support under Rule 56(e) the CFTC's factual assertion, *see* Def. Mem., Part II, pp. 3-4; they next argue that the assertion is not properly supported under Rule 56(e) because it relies upon documents that are unauthenticated and incomplete based upon testimony and their own independent investigation, *see id.* Parts III-V, pp. 4-10; and finally they make a vague argument that admitting into evidence the MF Global directory will require additional extensive discovery, but without actually moving to reopen discovery or specifying how reopening discovery would permit them to obtain the information they seek.

6. In sum, the entire substance of defendants' motion challenges the *evidentiary basis* for one of the facts asserted in the CFTC's motion for summary judgment, and does not mention a single discovery violation by the CFTC or concern discovery in any way (aside from defendants' repeated, yet non-material, criticism of the scope of the discovery sought by the CFTC throughout this case). Challenging the evidentiary basis for an assertion of fact is the paradigmatic manner of opposing a motion for summary judgment under Rule 56(e), but is, as Judge Wood rightly instructed counsel, "inappropriate" for a motion to strike. Tr. 11:23-12:10

7. Both the court and these proceedings are prejudiced by defendants' decision to collaterally attack through a motion to strike the CFTC's motion for summary judgment. First, the court's limited resources are wasted addressing Rule 56(e) arguments in multiple briefs and filings (including two extra briefs by defendants) through both a motion to strike and again in defendants' forthcoming opposition to plaintiff's motion for summary judgment. Similarly, the court (and the parties) should not be burdened with the confusion that will ensue when it issues a separate ruling on the motion to strike that is inextricably entwined with, and will have a major impact on, a future ruling on the dispositive motions; it is far more clean and clear (not to

mention procedurally proper under Rule 56(e)) to have all evidentiary challenges to the CFTC's statement of facts in a single opposition to plaintiff's motion for summary judgment. Moreover, allowing collateral attacks such as defendants' motion to strike could encourage future litigants before this court to employ similar strategies of multiple challenges and multiple motions attacking the same motion. Finally, this court is entitled to rely upon an attorney's representations in open court regarding the nature and purpose of a motion they intend to file—particularly where the court expressly stated certain concerns with the procedural propriety of the impending motion—and should not permit an attorney to make and then ignore those representations. *Id.*

8. The CFTC attempted to meet and confer with defendants prior to defendants' filing of their motion to strike, explaining to them in detail that (1) no discovery violation occurred based on settled precedent; and (2) Judge Wood had allowed defendants to file a motion to strike solely based upon a discovery violation *but not* based upon arguments more appropriate for their opposition to summary judgment. Defendants apparently took heed of the first point and declined to allege any discovery violations in their motion to strike. However, they expressly rejected the second point, stating that they did not agree with the CFTC's "interpretation of Judge Wood's comments and instructions" and declining to confer further on the matter. GEX 2.

WHEREFORE, plaintiff respectfully asks that the court grant this motion and require defendants to include any arguments and objections to the evidentiary bases for plaintiff's statement of facts in plaintiff's motion for summary judgment in a proper brief in opposition to plaintiff's dispositive motion, whereupon the court and the parties may litigate the issues raised by the cross-motions for summary judgment in the proper course and schedule that was originally set forth by this court.

Respectfully submitted,

/s/ Bernard Kim
Bernard Kim, Trial Attorney
Boaz Green, Trial Attorney
James H. Holl, III, Chief Trial Attorney
U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, D.C. 20581
(202) 418-5000
(202) 418-5531 (fax)
BGreen@CFTC.gov
BGKim@CFTC.gov
JHoll@CFTC.gov

*Attorneys for the Plaintiff*
*U.S. Commodity Futures Trading Commission*

DATED: April 25, 2014

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2014, I filed the foregoing using the CM/ECF system, which will send a notification of electronic filing to the following:

Alan F. Block, Esq. (alan@block-landsman.com)
Nicholas P. Iavarone, Esq. (niavarone@iavaronefirm.com)
*Attorneys for the Defendants*

/s/ Bernard Kim
Bernard Kim, Trial Attorney
U.S. Commodity Futures Trading Commission